## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JANE DOE, a minor;
through her parent and "next friend,"
MARY DOE;
MARY DOE, in her individual capacity,

                                           Case No. 1:26-cv-657

        Plaintiffs,                         Hon.

v

KALAMAZOO PUBLIC SCHOOLS;
COORDINATOR AND ADMINISTRATOR OF
STUDENT SERVICES BARRY SMITH,
in his individual and official capacity;
Assistant Superintendent of Student Services
REUQUIYAH (RIKKI) SAUNDERS,
in her individual and official capacity;
HUMAN RESOURCES DIRECTOR SHEILA DORSEY-SMITH,
in her individual and official capacity;
PRINCIPAL CHRISTOPHER AGUINAGA,
in his individual and official capacity;
ASSISTANT PRINCIPAL ALEXANDER HILL,
in his individual and official capacity;
ASSISTANT PRINCIPAL ANDREW MUYSENBERG,
in his individual and official capacity;
CAMPUS SAFETY OFFICER KYLE ROBERTSON,
in his individual and official capacity;
CAMPUS SAFETY OFFICER NATHAN WARD,
in his individual and official capacity;
THEOPHLIS DUCKETT,
in his individual and official capacity;
CAMPUS SAFETY OFFICER CHAMPS,
in his individual and official capacity;
S.C. 1, a minor; S.C. 2, a minor; S.C. 3, a minor;

        Defendants.

Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiffs
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com
Gina@DelaporteLynch.com

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs Jane Doe and Mary Doe, by and through their attorneys, Delaporte Lynch, PLLC, and file their Complaint for claims under 20 U.S.C. §1681 *et seq*. ("Title IX"), for failure to prevent and investigate sex- and gender-based harassment; Liability for Failure to Properly Train and Supervise; 42 U.S.C. § 1983 for violations of U.S. Constitution's Due Process Clause; 42 U.S.C. § 1983 for violations of U.S Constitution's Equal Protection Clause; violations of the Due Process clause of the Michigan Constitution; violations of the Equal Protection Clause of the Michigan Constitution; violations of the Michigan Elliott-Larsen Civil Rights Act; violation of Article I, Section 26 of the Michigan Constitution; intentional infliction of emotional distress; and civil conspiracy.

### VENUE AND JURISDICTION

1. Plaintiff Jane Doe is a minor child and brings this action through her parent and next friend, Mary Doe, who also appears on her own behalf.

2. Jane Doe is a student at Loy Norrix High School, within Defendant Kalamazoo Public Schools.

3.   Defendant Kalamazoo Public Schools (hereinafter, "Defendant KPS" or "the District"), is public school district entirely situated in Kalamazoo County, Michigan, in this Honorable Court's territorial jurisdiction.

4.   Defendant Kalamazoo Public Schools Board of Education (hereinafter, "Defendant Board of Education," "Defendant Board of Education," or "the Board of Education"), is a Michigan governmental entity situated entirely in Kalamazoo, Michigan, in this Honorable Court's territorial jurisdiction.

5.   During all material times, Barry Smith was an individual and Student Services Coordinator at Kalamazoo Public Schools.  Mr. Smith is the "factfinder" in the alleged Title IX Investigation of the incident at the center of this litigation.  Plaintiffs requested that Mr. Smith conduct a Title IX Investigation, to include an investigation of the District and its employees' actions, within days of the incidents which form the basis of this Complaint.  Nearly three years later, Mr. Smith's "factfinding" is not complete.

6.   During all material times, Sheila Dorsey-Smith was an individual and the Title IX Coordinator at Kalamazoo Public Schools.

7.   During all material times, Principal Christopher Aguinaga was an individual and the Human Resources Director at Kalamazoo Public Schools.

8.   During all material times, Assistant Principal Alexander Hill was an individual and the Principal at Loy Norrix High School.

9.   During all material times, Assistant Principal Andrew Muysenberg was an individual and an Assistant Principal at Loy Norrix High School.

10.  During all material times, Campus Safety Officer Kyle Robertson was an individual and a Campus Safety Officer at Loy Norrix High School.

3

11. During all material times, Campus Safety Officer Nathan Ward was an individual and a Campus Safety Officer at Loy Norrix High School.

12. During all material times, Theophlis Duckett was an individual and a Teacher at Loy Norrix High School.

13. During all material times, Campus Safety Officer Champs was an individual and a Campus Safety Officer at Loy Norrix High School.

14. During all material times, Student Culprit 1 ("S.C. 1" or "ringleader"), a Minor, was an individual and a student at Loy Norrix High School.

15. During all material times, Student Culprit 2 ("S.C. 2"), a Minor was an individual and a student at Loy Norrix High School.

16. During all material times Student Culprit 3 ("S.C. 3"), a Minor was an individual and a student at Loy Norrix High School.

17. This Honorable Court retains subject matter jurisdiction under 28 U.S.C. §1331 based on the federal claims under 20 U.S.C. §1681 *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and supplemental jurisdiction of the state law claims under 28 U.S.C. §1367(a).

18. All of the acts complained herein occurred within the boundaries of this Honorable Court's territorial jurisdiction.

19. Thus, legal jurisdiction and venue is proper in this Honorable Court.

<u>INTRODUCTION</u>

20. Plaintiffs incorporate the previous paragraphs as if contained herein.

21. This is a Complaint filed to redress egregious wrongdoing inflicted upon Plaintiff, Ms. Jane Doe, a minor, LGBTQ+ student who was subjected to sex and gender-based

bullying, harassment, and assault in April of 2023.  At the time of the incidents, Jane Doe was only 14-years-old.

## FACTS

### *Background*

22. Plaintiffs incorporate the previous paragraphs as if contained herein.

23. Jane Doe is an LGBTQ+ student at Loy Norrix High School.

24. In April of 2023, Jane Doe was the victim of sex- and gender-based harassment, assault, and battery at the hands of other students at the high school, including but not limited to S.C.'s 1, 2, and 3.

25. In the leadup to the events of April 6 and 7, Jane Doe had frequently been the target of bullying and harassment by fellow students, including but not limited to S.C.'s 1, 2, and 3, based upon Jane Doe's alleged gender non-conforming appearance and her non-binary identity.

26. On April 6, 2023, several Loy Norrix students, including but not limited to S.C.'s 1, 2, and 3, participated in a Snapchat conversation where they made hateful remarks about Jane Doe's appearance and perceived gender, describing her as "manly."

27. Jane Doe reported this gender-based harassment to school employees, but nothing was done about it.

28. On April 7, 2023, Jane Doe once again reported further harassment and bullying to the security guard, who responded by telling Doe to mind her own business, and that Doe would be "fine."

29. Based on the security guard's assurance, Jane Doe went to change for gym.

30. Prior to gym class, the same students from the Snapchat group conversation trapped Jane Doe in the girl's locker room while she was changing, blocked her exit, and attempted to video tape her in the nude.

31. One bully managed to videotape Jane Doe undressing down to her bra (hereinafter, "Video 1"), and this student shared the video with other classmates.  Despite knowing about Video 1, and allegedly viewing Video 1, Defendants failed to secure a copy of Video 1, retain Video 1, and suppress Video 1 from being viewed and/or shared within the student body.

32. During the altercation, Jane Doe contacted her mother, Mary Doe, who assured Jane Doe that she would reach out to the school.

33. With the assistance of her friends, Jane Doe managed to exit the locker room.

34. The confidence Jane Doe gained from knowing her mother was intervening, along with the support of her friends, empowered her to confront her abusers.

35. Jane Doe left the incident with the understanding that school officials would resolve the issue and that she could safely return to class.

36. Once Jane Doe managed to escape from the locker room, she immediately notified her physical education teacher, Mr. Duckett, of the incident.

37. Mr. Duckett did not act, but instead, told Jane Doe to notify someone else.

38. Jane Doe notified Security Guard Mr. Hall, who briefly assessed the incident, told Jane Doe that she was safe to return to class, and informed her that the Ringleader of the students would be sent home.

39. Relying on Mr. Hall's promise, Jane Doe decided to go about her day, assured that she was safe from the Ringleader's harassment.

40. The Ringleader, however, had not been sent home or in any other way punished.

41. Jane Doe discovered the Ringleader when she attempted to use the bathroom.

42. Jane Doe entered a bathroom stall in another part of the building from the locker room to use the restroom.

43. While Jane Doe was in the stall, Ringleader and her crew entered the bathroom and began to pummel the stall door and walls, all while making threats and attempting to coerce Jane Doe into a fight.

44. Jane Doe feared attack if she remained within the bathroom stall; Jane Doe determined to depart the bathroom to seek adult assistance.

45. When Jane Doe exited the bathroom stall, Ringleader and her crew surrounded Jane Doe.

46. In a 5-on-1 assault in the bathroom, the students trapped, attacked, and punched Jane Doe several times in the side of the head, causing a black eye.

47. One student videotaped this attack and shared the video with other classmates (hereinafter, "Video 2").[1]

48. Upon learning of the attack, a male security guard entered the women's bathroom and, rather than stopping the perpetrators, he dragged Jane Doe out of the bathroom by her hood and pushed her down the hallway to the main office.[2]

49. The school contacted Mary Doe and asked her to come to the school.

50. Mary Doe arrived shortly thereafter with an LGBTQ+ advocate who had been in the car with her and two students also in her car when she received the call.

---

[1] Despite requests, Defendants failed to secure the entire video and all other related videos.
[2] The male security guard likely violated Michigan's corporal punishment statute.  The male security guard further failed to demonstrate appropriate de-escalation and physical intervention techniques.

51. Loy Norrix also brought the mother of the Ringleader to the school, who brought numerous other family members.

52. In addition to treating Jane Doe, the victim, as the guilty party, the school failed to separate Jane Doe and her mother from the Ringleader, S.C. 1.

53. Defendants placed Jane and Mary Doe in close proximity to the Ringleader and her numerous supporters, leading to Jane Doe being assaulted by the Ringleader and her family at the school.

54. The assault was caught on camera (hereinafter, "Video 3").

55. Adding further insult to injury, Defendants then suspended Jane Doe for 10 days, *the victim*, from school.

56. Jane Doe was not provided oral or written notice of the accusations or charges against her, what disciplinary measures were being proposed, nor an opportunity to respond.

57. Jane Doe was not provided a hearing or a meaningful opportunity to present her side of the story.

58. Jane Doe's suspension caused her to miss crucial state testing dates.

59. Despite suffering multiple physical assaults, during which she was punched, kicked, and subjected to potentially lethal blows, Defendants failed in their promise to protect Jane Doe.

60. Instead of taking action against Jane Doe's perpetrators, Defendants punished Jane Doe, the victim, by suspending her and exacerbating the trauma she endured.

61. Jane Doe's suspension further deprived her of her right to a safe educational environment, compounding the harm and distress already suffered.

8

62. Jane Doe was a dedicated student, greatly invested in her education, who excelled in subjects such as math, science, history, and art.

63. Jane Doe's suspension disrupted her educational career and caused her to miss crucial State testing days.

64. Jane Doe also suffered serious physical, mental, and emotional anguish because of the harassment and attacks which KPS failed to protect her from.

65. On April 17, 2023, Jane Doe and Mary Doe requested that KPS conduct a formal Title IX investigation into the sex- and gender-based harassment, bullying, and assault of which she was a victim, as well as a full investigation into KPS's failure to protect Jane Doe from continued harassment and assault.

66. Jane Doe and Mary Doe's request also explicitly listed Defendants Loy Norrix, Mr. Hill, and Mr. Muysenberg, as Respondents in their request for investigation into their failure to act and punishment of Jane Doe for her assault.

67. Despite listing Defendants Loy Norrix, Mr. Hill, and Mr. Muysenberg as Respondents, KPS categorically failed to investigate Loy Norrix and any of them.

68. The preliminary Title IX Preliminary Report Findings of Fact failed to adequately address crucial facts in the case, including the video footage from the locker room where Jane Doe was sexually harassed and the gender-based nature of the harassment and attacks against Jane Doe.

69. The District failed to correct its deficiencies despite correspondence from Jane Doe's representatives regarding the fatal flaws in the Title IX investigation, including the District's failure to treat KPS and Loy Norrix Staff as Respondents despite being explicitly listed as Respondents on the initial Complaint.

9

70. As of the date of the filing of this Complaint, over two years have passed since Doe filed her Title IX Complaint, and the District has made no corrections to its findings of fact, has not completed the investigation, nor has the District provided Doe with a timeline for completion.

71. As a result of the woefully deficient findings of fact, Jane Doe feels that, once again, the adults and system meant to protect her are failing her, and she feels that she has no choice but to move forward with this lawsuit to help ensure that both she and other KPS students like her are adequately protected from harm.

WHEREFORE, Plaintiff states the following Counts against Defendant:

<u>COUNT I</u>

*Violation of Title IX*
*as to Defendants Kalamazoo Public Schools and Loy Norrix*

72. Plaintiffs incorporate the previous paragraphs as if contained herein.

73. The sex- and gender-based harassment articulated in Plaintiffs' Complaint was so severe, pervasive, and objectively offensive that it deprived Jane Doe of access to educational benefits provided by the school.

74. Defendants created and/or subjected Jane Doe to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 *et seq.* ("Title IX"), because:

    a)  Jane Doe was a member of a protected class;

    b) Jane Doe was subjected to sex- and gender-based harassment in the form of sex- and gender-based harassment and/or assault by the Perpetrators;

    c) Jane Doe was subjected to harassment and/or assault based on her sex or perceived sex and/or gender; and

10

d) Jane Doe was subjected to a hostile educational environment created by the School District's lack of effective and appropriate policies and procedures to properly investigate and address the sex- and gender-based harassment and/or assault, and failure to protect Plaintiff from her attacker's subjugation and presence.

75. Once KPS and Loy Norrix employees were notified of the sex- and gender-based harassment of Jane Doe, KPS and Loy Norrix had a duty to respond promptly and effectively to Jane Doe and Mary Doe's Complaint to prevent Jane Doe from being further victimized and harassed.

76. KPS and Loy Norrix had a further duty to address the effects of the reported sex- and gender-based harassment, prevent its recurrent effects, conduct a thorough investigation of all relevant facts, determine what occurred, and take appropriate steps to resolve the harassment and/or assault.

77. KPS and Loy Norrix failed in all of these legal duties that it owed to Jane Doe.

78. As a result of KPS and Loy Norrix's failures, Jane Doe has been harmed physically, mentally, and emotionally, thereby suffering both economic and non-economic damages.

79. KPS and Loy Norrix had actual knowledge of the sex- and gender-based harassment created by Defendants' failure to protect Plaintiff in a timely manner and consistent with its own policies and state and federal law.

80. KPS and Loy Norrix's failure to promptly and appropriately respond to the sex- and gender-based harassment resulted in Jane Doe, based on her sex or perceived sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the School District's education programs in violation of Title IX.

81. KPS and Loy Norrix failed to take immediate, effective remedial steps to resolve the complaints of sex- and gender-based harassment and instead acted with deliberate indifference toward Plaintiff and retaliated against Jane Doe for exercising her rights under Title IX.

82. KPS and Loy Norrix persisted in its actions and inactions even after receiving actual knowledge of the harassment, discrimination, and harm experienced by Jane Doe.

83. KPS and Loy Norrix's actions and inactions reflect an institutional pattern and practice that discourages and dissuades sex- and gender-based harassment victims and their parents from seeking protection, including Plaintiffs.

84. KPS and Loy Norrix's policy, pattern, and/or practice constitutes disparate treatment of female students and has had a disparate impact on female victims of sex- and gender-based assault.

85. Plaintiffs have suffered psychological damage, emotional distress and resulting physical harm as a result of the Defendants deliberate indifference to Jane Doe's rights.

86. KPS and Loy Norrix's actions further constitute retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*.

87. Jane Doe and Mary Doe engaged in protected activity by reporting Jane Doe's sex- and gender-based harassment and assault, and participating in a later Title IX investigation.

88. KPS and Loy Norrix knew of Jane Doe and Mary Doe's protected activity.

89. KPS and Loy Norrix violated Jane Doe's and Mary Doe's rights by failing to fully investigate Jane Doe's Complaint.

90. KPS and Loy Norrix retaliated against Jane Doe and Mary Doe because of their protected activity by engaging in the acts and omissions detailed in this Complaint.

91. As a direct and proximate result of KPS and Loy Norrix actions, Jane Doe and Mary Doe suffered damages, including but not limited to emotional distress, physical harm, and loss of educational opportunities.

92. KPS' and/or Loy Norrix's actions were intentional, willful, and in reckless disregard of Jane Doe and Mary Doe's rights under Title IX.

WHEREFORE, Jane Doe and Mary Doe respectfully request that this Honorable Court find that KPS and Loy Norrix violated Title IX by failing to protect Jane Doe from sex- and gender-based harassment, discrimination, and retaliation; enjoin KPS and Loy Norrix, their agents, servants, employees, and attorneys, and those persons acting in concert with them from failing to investigate and adequately respond to complaints of sex- and gender-based harassment and discrimination; order KPS and Loy Norrix to implement comprehensive training for all staff and administrators on identifying, preventing, and appropriately responding to sex- and gender-based harassment and discrimination; enjoin KPS and Loy Norrix, their agents, servants, employees, and attorneys, and those persons acting in concert with them from engaging in any further acts of discrimination, harassment, or retaliation against Jane Doe and Mary Doe; award Jane Doe and Mary Doe's compensatory and punitive damages for the physical, emotional, and educational harm suffered as a direct result of KPS and Loy Norrix's actions and inactions; and award Jane Doe and Mary Doe the costs of this action, including reasonable attorney's fees and costs.

## COUNT II

*Monell Liability for Failure to Train and Supervise*
*as to all Kalamazoo Public Schools and Loy Norrix*

93. Plaintiffs incorporate the previous paragraphs as if contained herein.

94. Individual Defendants were "state actors" working for KPS, a Michigan school district.

95. Individual Defendants acted under "color of law" when inadequately responding to Plaintiff's sex- and gender-based harassment on school grounds.

96.  Individual Defendants failed to preserve Plaintiff's constitutional due process and equal protection rights as guaranteed by the Fourteenth Amendment of the U.S. Constitution.

97. Individual Defendants should have known that their response to the sex- and gender-based harassment failed to comply with federal and state law.

98. Individual Defendants each violated Plaintiff's right to access to her educational environment by:

   a)  Failing to take adequate steps to protect Jane Doe;

   b) Treating Jane Doe with deliberate indifference both immediately following the sex- and gender-based assault and during the time afterwards;

   d)  Retaliating against Plaintiff for exercising her protections under Title IX; and

   e) Favoring the assailants' rights over Plaintiff's rights.

99. Defendants' violations of Plaintiff's civil rights as outlined above, has resulted in Jane Doe being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the High School and School District's education programs in violation of Michigan law.

100.     These policies and/or practices constituted disparate treatment of females and had a disparate impact on female victims of sex- and gender-based assault, including but not limited to Plaintiff.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court: find that Defendants violated Plaintiffs' rights under the color of state law by failing to protect Plaintiff from sex- and gender-based harassment, discrimination, and retaliation; enjoin Defendants, their

14

agents, servants, employees, and attorneys, and those persons acting in concert with them from failing to investigate and adequately respond to complaints of sex- and gender-based harassment and discrimination; order Defendants to implement comprehensive training for all staff and administrators on identifying, preventing, and appropriately responding to sex- and gender-based harassment and discrimination; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from engaging in any further acts of discrimination, harassment, or retaliation against Plaintiff; award Plaintiffs compensatory and punitive damages for the physical, emotional, and educational harm suffered as a direct result of Defendants' actions and inactions; and award Plaintiffs the costs of this action, including reasonable attorney's fees and costs.

<u>COUNT III & IV</u>

*Violation of the Due Process Clauses of the*
*United States Constitution and the Michigan Constitution*
*as to all Defendants*

101.     Plaintiffs incorporate the previous paragraphs as if contained herein.

102.     Under 42 U.S.C. § 1983, a person acting on behalf of the State who causes a citizen

of the United States to be deprived of any rights, privileges, or immunities secured by the

Constitution shall be liable to that party at law.

103.     The Fourteenth Amendment of the United States Constitution prohibits the State

from depriving any person of life, liberty, or property without due process of law.  U.S.

Const. amend. XIV.

104.     Article I § 17 of the Michigan Constitution states, "[n]o person shall be . . . deprived

of life, liberty or property, without due process of law." Const 1963, art I, § 17.

105.    In Michigan, students, including Jane Doe, have a protected property interest in her public education. *See*, *Goss v. Lopez*, 419 U.S. 565 (1975).

106.    Defendants may not deprive Jane Doe of her legitimate claim of entitlement to her education without due process of law.

107.    "Due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against [them] and, if [they] den[y] them, an explanation of the evidence the authorities have and an opportunity to present [their] side of the story." *Goss*, 419 U.S. at 581.

108.    Defendants deprived Jane Doe of her property right when they suspended her from school in the aftermath of her sex- and gender-based assault without being given oral or written notice of the charges against her, an explanation of the evidence, and an opportunity to present her side of the story.

109.    Defendants did not afford Jane Doe meaningful notice or an opportunity to be heard on the charges against her prior to depriving her of her protected property interest.

110.    Defendants further violated Jane Doe's due process rights when failing to respond to her reports of sex- and gender-based harassment and assault, the victim, thereby depriving her of her entitlement.

111.    Defendants' conduct in disciplining Jane Doe, the victim, and not her Perpetrators, violated her due process rights.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court: find that Defendants violated Plaintiffs' Due Process by failing to protect Jane Doe from sex- and gender-based harassment, discrimination, and retaliation; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from failing to investigate

and adequately respond to complaints of sex- and gender-based harassment and discrimination; order Defendants to implement comprehensive training for all staff and administrators on identifying, preventing, and appropriately responding to sex- and gender-based harassment and discrimination; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from engaging in any further acts of discrimination, harassment, or retaliation against Plaintiff; award Plaintiffs compensatory and punitive damages for the physical, emotional, and educational harm suffered as a direct result of Defendants' actions and inactions; and award Plaintiffs the costs of this action, including reasonable attorney's fees and costs.

<u>COUNT V & VII</u>

*Violation of the Equal Protection Clause of the United States Constitution*
*as to all Defendants*

112.    Plaintiffs incorporate the previous paragraphs as if contained herein.

113.    Under 42 U.S.C. § 1983, a person acting on behalf of the State who causes a citizen of the United States to be deprived of any rights, privileges, or immunities secured by the Constitution shall be liable to that party at law.

114.    The Fourteenth Amendment of the United States Constitution guarantees citizens the right to equal protection under the law.  U.S. Const. amend.  XIV.

115.    Article I § 2 of the Michigan Constitution states, "[n]o person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his or her civil or political rights or be discriminated against in the exercise thereof because of religion, race, color, or national origin." Const 1963, art I, § 2.

116.    The Equal Protection Clause encompasses a citizen's right to be free from discrimination based on her sex and/or gender by state actors.

117.    All of the actions taken by Defendants, or those acting on behalf of, or conspiring with, Defendants, and referred to herein, were done by Defendants while acting under color of state law.

118.    Defendants maintained actual knowledge that Jane Doe was subjected to ongoing harassment and discrimination by peers and/or District administrators and staff based on Plaintiff's sex and/or gender.

119.    Despite this knowledge Defendants failed to investigate, discipline, or otherwise respond to the reports of sex- and gender-based harassment by Plaintiffs.

120.    Defendants' failure to investigate comparable complaints of harassment made by female students, while responding to similar complaints by others, constitutes intentional disparate treatment on the basis of sex and/or gender.

121.    By failing to adequately respond to and investigate the sex- and gender-based harassment, assault, and bullying perpetrated against Plaintiff Jane Doe, Defendants engaged in a pattern of discriminatory practices that deprived Plaintiff of her right to equal treatment under the law.

122.    Defendants' acts were intentional, malicious, willful, wanton, and in reckless disregard of Plaintiff Jane Doe's lawful rights.

123.    Defendants' acts were not based on any legitimate government interest.

124.    Defendants' wrongful acts were carried out for the purpose of treating Plaintiff Jane Doe differently than similarly situated individuals due to her perceived sex and/or gender.

125.    As a result of Defendants actions and inactions, Plaintiff suffered emotionally, academically, and physically.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court: find that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by failing to protect Plaintiff from sex- and gender-based harassment, discrimination, and retaliation; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from failing to investigate and adequately respond to complaints of sex- and gender-based harassment and discrimination; order Defendants to implement comprehensive training for all staff and administrators on identifying, preventing, and appropriately responding to sex- and gender-based harassment and discrimination; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from engaging in any further acts of discrimination, harassment, or retaliation against Plaintiff; award Plaintiffs compensatory and punitive damages for the physical, emotional, and educational harm suffered as a direct result of Defendants' actions and inactions; and award Plaintiffs the costs of this action, including reasonable attorney's fees and costs.

<u>COUNT VII</u>

*Violation of the Elliott-Larsen Civil Rights Act as to all Defendants*

126.    Plaintiffs incorporate the previous paragraphs as if contained herein.

127.    The Elliott-Larsen Civil Rights Act makes it unlawful for an educational institution to "[d]iscriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of . . . sex." MCL § 37.2402(a).

128.    Under the act, "[d]iscrimination because of sex includes sex- and gender-based harassment." MCL § 37.2103(i).

129.    Defendant KPS discriminated against Jane Doe on the basis of her sex when they were notified of the sex- and gender-based harassment, yet failed to protect her and failed

to conduct an adequate investigation into the sex- and gender-based harassment and attacks made against her.

130.    Not only did KPS's failure to adequately respond to the sex- and gender-based harassment of Jane Doe prevent her from receiving the full benefit of her education at the school, but KPS further deprived her of educational access by improperly suspending Jane Doe as a result of the sex- and gender-based harassment inflicted on her.

131.    As a result of KPS's discrimination, Jane Doe has been harmed physically, emotionally, and mentally, thereby suffering both economic and non-economic damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court: find that Defendants violated the Elliott-Larsen Civil Rights Act by failing to protect Plaintiff from sex- and gender-based harassment, discrimination, and retaliation; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from failing to investigate and adequately respond to complaints of sex- and gender-based harassment and discrimination; order Defendants to implement comprehensive training for all staff and administrators on identifying, preventing, and appropriately responding to sex- and gender-based harassment and discrimination; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from engaging in any further acts of discrimination, harassment, or retaliation against Plaintiff; award Plaintiffs compensatory and punitive damages for the physical, emotional, and educational harm suffered as a direct result of Defendants' actions and inactions; and award Plaintiffs the costs of this action, including reasonable attorney's fees and costs.

<u>COUNT VIII</u>

*Violation of Article I, Section 26 of Michigan Constitution*

132.    Plaintiffs incorporate the previous paragraphs as if contained herein.

133.    Article I, § 26 of the Michigan Constitution prohibits discrimination against individuals on the basis of sex in public education.

134.    Defendant KPS discriminated against Jane Doe on the basis of her sex and gender when they were notified of sex- and gender-based harassment, yet failed to protect her and failed to conduct an adequate investigation into the sex- and gender-based harassment and attacks made against her.

135.    Jane Doe was thereby revictimized by KPS's sex- and gender-based discrimination.

136.    As a result of KPS's discrimination, Jane Doe has been harmed physically, emotionally, and mentally, thereby suffering both economic and non-economic damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court: find that Defendants violated Article I, Sec. 26, of the Michigan Constitution by failing to protect Plaintiff from sex- and gender-based harassment, discrimination, and retaliation; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from failing to investigate and adequately respond to complaints of sex- and gender-based harassment and discrimination; order Defendants to implement comprehensive training for all staff and administrators on identifying, preventing, and appropriately responding to sex- and gender-based harassment and discrimination; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from engaging in any further acts of discrimination, harassment, or retaliation against Plaintiff; award Plaintiffs compensatory and punitive damages for the physical, emotional, and educational harm suffered as a direct result of

Defendants' actions and inactions; and award Plaintiffs the costs of this action, including reasonable attorney's fees and costs.

## COUNT IX

*Intentional Infliction of Emotional Distress*
*as to all Defendants*

137.    Plaintiffs incorporate the previous paragraphs as if contained herein.

138.    All Defendants, or those acting on behalf of, or conspiring with, Defendants, and referred to herein, engaged in retaliatory, discriminatory, and intimidating conduct towards Plaintiffs that caused Plaintiffs physical and emotional harm.

139.    Defendants discriminated against Plaintiff Jane Doe based on sex and gender by failing to adequately investigate and respond to her reports of sex- and gender-based harassment and assault.

140.    Defendants retaliated against Plaintiff Jane Doe for her attempts to seek redress for the sex- and gender-based harassment and assault she endured, further violating her rights under Title IX.

141.    Defendants caused Plaintiffs' intentional infliction of emotional distress by creating an environment that discouraged her from further reporting or inquiring about the incidents of sex- and gender-based harassment and assault.

142.    Defendants' conduct was intentional.

143.    Defendants' conduct was extreme and outrageous.

144.    The conduct was the cause of Plaintiffs' complaint; and

145.    Defendants' conduct caused Plaintiffs severe emotional distress.

146.    By taking the actions detailed in this Complaint, Defendants violated the Plaintiffs' Due Process rights.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court: find that Defendants Intentionally Inflicted Emotional Distress upon Plaintiffs Jane Doe and Mary Doe by failing to protect Jane Doe from sex- and gender-based harassment, discrimination, and retaliation; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from failing to investigate and adequately respond to complaints of sex- and gender-based harassment and discrimination; order Defendants to implement comprehensive training for all staff and administrators on identifying, preventing, and appropriately responding to sex- and gender-based harassment and discrimination; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from engaging in any further acts of discrimination, harassment, or retaliation against Plaintiff; award Plaintiffs compensatory and punitive damages for the physical, emotional, and educational harm suffered as a direct result of Defendants' actions and inactions; and award Plaintiffs the costs of this action, including reasonable attorney's fees and costs.

COUNT X

*Civil Conspiracy as to all Defendants*

147.    Plaintiffs incorporate the previous paragraphs as if contained herein.

148.    Under Michigan common law, a civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. *Swain v Morse*, 332 Mich App 510, 530 (2020).

149.    All of the actions taken by all Defendants, or those acting on behalf of, or conspiring with, Defendants, and referred to herein, were done by Defendants while acting under color of state law.

150.    Defendants concerted actions include, but are not limited to, the failure to promptly and effectively investigate the complaints of sex- and gender-based harassment and assault reported by Plaintiff Jane Doe; the disregard of Plaintiff's reports of harassment; disregard for the safety and well-being of Plaintiff; the retaliatory suspension of Plaintiff Jane Doe from school; the failure to implement and enforce policies and procedures that adequately protect students from sex- and gender-based harassment and assault.

151.    Defendants' wrongful acts were carried out in concert in order to deprive Plaintiffs of their Constitutional rights.

152.    Defendants' acts were conspiratorial, intentional, malicious, willful, wanton, and in reckless disregard of Plaintiffs' Constitutional rights, in violation of federal and state law.

153.    Defendants' acts were the cause of Plaintiffs' injuries and damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court: find that Defendants committed a civil conspiracy by failing to protect Plaintiff from sex- and gender-based harassment, discrimination, and retaliation; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in concert with them from failing to investigate and adequately respond to complaints of sex- and gender-based harassment and discrimination; order Defendants to implement comprehensive training for all staff and administrators on identifying, preventing, and appropriately responding to sex- and gender-based harassment and discrimination; enjoin Defendants, their agents, servants, employees, and attorneys, and those persons acting in

concert with them from engaging in any further acts of discrimination, harassment, or retaliation against Plaintiff; award Plaintiffs compensatory and punitive damages for the physical, emotional, and educational harm suffered as a direct result of Defendants' actions and inactions; and award Plaintiffs the costs of this action, including reasonable attorney's fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Jane Doe prays that this Honorable Court do the following:

a.  Find that Defendant violated Title IX by failing to fulfill its duties to, inter alia, adequately investigate and respond to allegations of sex- and gender-based harassment reported by a Loy Norrix High School student.

b.  Find that Defendant violated the Elliott-Larsen Civil Rights Act and discriminated against Plaintiff by failing to adequately protect and respond to allegations of sex- and gender-based harassment reported by a Loy Norrix High School student.

c.  Find Defendants violated Plaintiff's Due Process rights.

d.  Find Defendants violated Plaintiff's Due Process rights.

e.  Find Defendants violated Plaintiff's Equal Protection rights.

f.  Find Defendants engaged in an unlawful civil conspiracy.

g.  Find that Defendant is liable for sex and gender discrimination and a violation of Article I, Section 26 of the Michigan Constitution.

h.  Award to Plaintiff all appropriate compensation, fines, and penalties against Defendant available under law.

i.  Award Plaintiff her attorney fees and costs.

j.  Provide any other relief to Plaintiff that this Honorable Court deems fit.

Dated: February 26, 2026

Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiffs
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com
Gina@DelaporteLynch.com

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE, a minor;
through her parent and "next friend,"
MARY DOE;
MARY DOE, in her individual capacity,

|  |  |
|---|---|
| | Case No. 1:26-cv-657 |
| Plaintiffs, | Hon. |

v

KALAMAZOO PUBLIC SCHOOLS;
COORDINATOR AND ADMINISTRATOR OF
STUDENT SERVICES BARRY SMITH,
in his individual and official capacity;
Assistant Superintendent of Student Services
REUQUIYAH (RIKKI) SAUNDERS,
in her individual and official capacity;
HUMAN RESOURCES DIRECTOR SHEILA DORSEY-SMITH,
in her individual and official capacity;
PRINCIPAL CHRISTOPHER AGUINAGA,
in his individual and official capacity;
ASSISTANT PRINCIPAL ALEXANDER HILL,
in his individual and official capacity;
ASSISTANT PRINCIPAL ANDREW MUYSENBERG,
in his individual and official capacity;
CAMPUS SAFETY OFFICER KYLE ROBERTSON,
in his individual and official capacity;
CAMPUS SAFETY OFFICER NATHAN WARD,
in his individual and official capacity;
THEOPHLIS DUCKETT,
in his individual and official capacity;
CAMPUS SAFETY OFFICER CHAMPS,
in his individual and official capacity;
S.C. 1, a minor; S.C. 2, a minor; S.C. 3, a minor;
        Defendants.

Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiffs
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com
Gina@DelaporteLynch.com

### JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, Plaintiffs formally demand a trial by jury.

Dated: February 26, 2026

Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiffs
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com
Gina@DelaporteLynch.com