UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY DOE, in her individual capacity          )
and as next friend of Jane Doe,               )
                        Plaintiff,            )
                                              )         No. 1:26-cv-657
-v-                                           )
                                              )         Honorable Paul L. Maloney
KALAMAZOO PUBLIC SCHOOLS, *et al.*,           )
                        Defendants.           )
                                              )

## ORDER TO SHOW CAUSE

Jane Doe attended the Kalamazoo Public Schools in 2023.  Mary Doe alleges Jane Doe was the victim of sex and gender harassment perpetrated by other students.  Jane Doe alerted various individuals at the school about the situation but they failed to act.  The students later attacked Jane Doe in a bathroom.  Later that day, in the presence of various school employees, Jane Doe was assaulted a second time.  Mary Doe alleges school officials then suspended Jane Doe.

Mary Doe (Plaintiff), in her individual capacity and as next friend of Jane Doe, filed this lawsuit.  Plaintiff sued Kalamazoo Public Schools (KPS) and ten individuals employed by KPS.  In April 2026, KPS and the ten individuals filed an answer to the complaint.  Plaintiff also sued three students, all minors.  Plaintiff served one of the three students.  The court dismissed two of the three students because Plaintiff failed to serve them with the summons and complaint.

In addition to the complaint, Plaintiff filed an application to proceed without paying the filing fee, which the court granted.

The court has reviewed the complaint under 28 U.S.C. § 1915(e) and now ORDERS Plaintiff to SHOW CAUSE why the court should not dismiss student-defendant SC1.

## I.

Under certain conditions a federal court may grant a plaintiff leave to file a lawsuit without paying the filing fee.  18 U.S.C. § 1915(a).  The ability to proceed without paying the fee—*in forma pauperis*—is a privilege, not a right.  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998); *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  When a court grants a plaintiff leave to proceed *in forma pauperis*, Congress has authorized the court to "dismiss the case at any time" if the court determines that the action fails to state a claim on which relief may be granted.  18 U.S.C. § 1915(e)(2)(B)(ii).  Federal courts interpret § 1915(e)(2) as allowing dismissal of individual claims and individual defendants.  *See House v. Belford*, 956 F.2d 711, 718 (7th Cir. 1992).

To state a claim upon which a court can grant relief, "[t]he complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'"  *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted).  The factual allegations need not be detailed but must be "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Hobart-Mayfield, Inc. v. Nat'l Operating Comm. on Standards for Athletic Equip.*, 48 F.4th 656, 663 (6th Cir. 2022).  Those factual allegations, taken to be true, must show that a legal claim is plausible, not merely possible.  *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

II.

Plaintiff pleads ten causes of action.  Plaintiff pleads Count 1 (Title IX) and Count II (*Monell* liability) against KPS.  All of the other claims were brought against all of the defendants.  Counts III and IV are claims for violations of the Due Process Clauses of the United States Constitution and the Michigan Constitution.  Counts V and VI are claims for violations of the Equal Protection Clauses of the United States Constitution and the Michigan Constitution.  Count VII is a claim for a violation of Michigan's Elliott-Larsen Civil Rights Act (ELCRA).  Count VIII is a claim for a violation of Article I, § 26 of the Michigan Constitution.  Count IX is a claim for intentional infliction of emotional distress.  Finally, Count X is a claim for a civil conspiracy.

The court has reservations about whether the complaint pleads sufficient facts to state a cause of action against SC1.  Plaintiff does not bring her first two causes of action against SC1.  Plaintiff likely cannot bring her constitutional claims against SC1 because the due process and equal protection clauses protect against state action, not the conduct of private parties.  Generally, the due process clause protects individuals against arbitrary government action, not against actions taken by private parties.  *See Siefert v. Hamilton Cnty.*, 951 F.3d 753, 759 (6th Cir. 2020); *City of Dearborn v. Freeman-Darling, Inc.*, 326 N.W.2d 831, 833 (Mich. Ct. App. 1982).  The same is true for the equal protection clause.  *See  Cmtys. for Equity v. MHSAA*, 459 F.3d 676, 691 (6th Cir. 2006); *Woodland v. Michigan Citizen's Lobby*, 378 N.W.2d 337, 345-46 (Mich. 1985).  For the same reason, Plaintiff's claim under Article I, § 26 of the Michigan Constitution fails.  That provision prohibits the state, including school districts, from discrimination in public education.

Plaintiff's other claims can probably be brought against private parties. Plaintiff pleads that SC1 bullied and harasser Jane Doe, ECF No. 1 Compl. ¶ 25 PageID.5 PageID.7; threatened her, *id.* ¶ 43 PageID.7; and attacked and assaulted her, *id.* ¶ 46 PageID.7. Plaintiff does not seek to hold SC1 liable for any of these acts. As described in the complaint, Plaintiff's causes of action arise from Defendant's failures after Jane Doe reported the harassment and the attack to school employees. Plaintiff pleads that Defendants violated the ELCRA when they failed to conduct an adequate investigation and failed to adequately respond to reports of harassment. *Id.* ¶¶ 129-30 PageID.19-20. For her intentional infliction of emotional distress, Plaintiff pleads that Defendants discriminated against Jane Doe by failing to adequately investigate and respond to her reports of harassment and assault, *id.* ¶ 139 PageID.22; by retaliating against her when she sought redress for the harassment and assault, *id.* ¶ 140 PageID.22; and by discouraging her from further reporting incidents of harassment and assault, *id.* ¶ 141 PageID.22. As a student, SC1 was not responsible for investigating or responding to the harassment or the assault.

Plaintiff's claim for a civil conspiracy also fails to plead a claim against SC1. For a civil conspiracy claim, Plaintiff needed to allege facts showing "a combination or two or more persons, by come concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Swain v. Morse*, 957 N.W.2d 396, 409 (Mich. Ct. App. 2020). In the civil conspiracy cause of action, Plaintiff pleads that concerted actions include the failure to promptly and effectively investigate Jane Doe's complaints of harassment and assault, the disregard for her safety and well being; her retaliatory suspension; and the failure to implement and enforce policies to protect students

from harassment and assault.  Compl. ¶ 150 PageID.24.  Plaintiff does not plead that SC1 engaged in any concerted action, as set forth in the complaint, with any other defendant.

Having found that the complaint fails to plead a cause of action against Defendant SC1, Plaintiff must **SHOW CAUSE** why SC1 should not be dismissed from this lawsuit. Plaintiff may file a response to this order that identifies specific factual allegations in the complaint and explains why those factual allegations establish a particular cause of action against SC1.  Alternatively, Plaintiff may file a motion for leave to file an amended complaint. In that motion, Plaintiff must identify the specific factual allegations in the proposed amended complaint and explain why those factual allegations establish a particular cause of action against SC1.  For this alternative, Plaintiff must file the proposed amended complaint as an exhibit to the motion.  Plaintiff must file her response to this Order by Tuesday, September 1, 2026.  The court will consider Plaintiff's response and issue an appropriate order concerning SC1.  If Plaintiff does not file any response, the court will dismiss the claims against SC1 with prejudice.  This order does not preclude Plaintiff from seeking to resolve or dismiss her claims against SC1 in any other manner prior to Tuesday, September 1, 2026.

**IT IS SO ORDERED.**

Date:___August 11, 2026___                               /s/  Paul L. Maloney____
                                                                      Paul L. Maloney
                                                                      United States District Judge